UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL LOUIS BLANK, | No. 2:16-cv-2775-TLN-EFB |
| Plaintiff, | |
| v. | ORDER |
| NATIONAL RAILROAD PASSENGER CORPORATION, | |
| Defendant. | |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  His

declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.

Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required

inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed

below, plaintiff's complaint fails to state a claim and must be dismissed.

/////

---

    [1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the
undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

1  matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

2  *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

3  of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of

4  subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

5  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

6        Plaintiff's one-page complaint alleges that on an unspecified date he purchased a ticket for

7  an Amtrak train.  ECF No. 1.  He claims that when he attempted to board a train at the Chico,

8  California Amtrak station, a female "ticket taker" denied him boarding privileges.  He appears to

9  contend that the refusal to allow him to board the train violated the Americans with Disabilities

10 Act ("ADA").

11       Title II of the ADA prohibits a public entity from discriminating against a qualified

12 individual with a disability on the basis of disability.  42 U.S.C. § 12132.  "To state a claim of

13 disability discrimination under Title II, the plaintiff must allege four elements: (1) the plaintiff is

14 an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive

15 the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either

16 excluded from participation in or denied the benefits of the public entity's services, programs, or

17 activities, or was otherwise discriminated against by the public entity; and (4) such exclusion,

18 denial of benefits, or discrimination was by reason of the plaintiff's disability."  *Thompson v.*

19 *Davis*, 295 F.3d 890, 895 (9th Cir.2002); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691

20 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access'

21 to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual

22 may have an ADA claim against the public entity.").

23       Here, plaintiff has failed to allege that he was denied a benefit on account of his disability.

24 He does not allege that defendant denied him access to access to its train on account of his

25 disability.  Indeed, plaintiff does not even allege that he is an individual with a disability.

26 Plaintiff has therefore failed to state a claim for violation of the ADA.  Accordingly, plaintiff's

27 complaint must be dismissed for failure to state a claim.

28 /////

3

1    Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable

2    legal theory against a proper defendant and with sufficient facts in support of that cognizable

3    legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts

4    must afford pro se litigants an opportunity to amend to correct any deficiency in their

5    complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall

6    clearly set forth the claims and allegations against each defendant. Any amended complaint must

7    cure the deficiencies identified above and also adhere to the following requirements:

8        Any amended complaint must identify as a defendant only persons who personally

9    participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*

10   *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

11   constitutional right if he does an act, participates in another's act or omits to perform an act he is

12   legally required to do that causes the alleged deprivation).  It must also contain a caption

13   including the names of all defendants. Fed. R. Civ. P. 10(a).

14       Any amended complaint must be written or typed so that it so that it is complete in itself

15   without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended

16   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

17   earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

18   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

19   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

20   1967)).

21       Finally, plaintiff is cautioned that failure to comply with the Federal Rules of Civil

22   Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

23   *See* E.D. Cal. L.R. 110.

24       Accordingly, IT IS HEREBY ORDERED that:

25       1. Plaintiff's request to proceed in form pauperis (ECF No. 2) is granted.

26       2. Plaintiff's compliant is dismissed with leave to amend, as provided herein.

27       3. Plaintiff is granted thirty days from the date of service of this order to file an amended

28   complaint. The amended complaint must bear the docket number assigned to this case and be

                                            4

titled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: May 9, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE